■ DORLI, INC., Respondent, v RGA ACCESSORIES, INC., Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered June 12, 1987, which denied the motion to dismiss of defendant RGA Accessories, Inc. (RGA), is unanimously reversed, on the law and on the facts, motion granted, upon the basis of res judicata, complaint dismissed, with costs.

RGA is a Delaware corporation, with offices in New York, while Dorli, Inc. (Dorli) is an Illinois corporation. By contract, dated January 1, 1984, RGA and Dorli entered into a joint venture for the purpose of, *inter alia,* engaging in the business of designing, styling and selling cosmetic bags, purses, travel accessories and luggage.

Thereafter, in September 1985, RGA commenced an action in the United States District Court for the Southern District of New York against Dorli and Ms. Dorothy K. Lipton (Ms. Lipton) who is the president and principal stockholder of RGA. In its Federal action, RGA sought to enforce its rights under the terms of the joint venture agreement, and to enjoin Dorli and Ms. Lipton from competing with the joint venture.

Following discovery, the parties settled the action, by written agreement, dated November 13, 1985, and a final judgment was entered on November 15, 1985. Thereafter, on October 28, 1986, Dorli moved to vacate the settlement agreement and the final judgment; but the Federal Judge denied that motion.

Subsequently, in April 1987, Dorli commenced an action against RGA in this State for breach of the Federal settlement agreement, mentioned *supra.* In response, RGA moved, pursuant to CPLR 3211, upon the grounds of res judicata and lack of standing, to dismiss the complaint. The IAS court denied the motion.

Based upon our review of the record, we find that the IAS court erred, since plaintiff Dorli in the instant action had a full opportunity to raise in the Federal action every issue it asserts in its complaint against RGA concerning breaches of

the Federal settlement agreement. The Court of Appeals unanimously held in *O'Brien v City of Syracuse* (54 NY2d 353, 357 [1981]) that "[t]his State has adopted the transactional analysis approach in deciding *res judicata* issues * * * Under this [theory], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy". We unanimously stated in *Mutual Fire, Mar. & Inland Ins. Co. v James & Co.* (92 AD2d 203, 208 [1st Dept 1983], *affd* 61 NY2d 680 [1984]), "[j]ustice and fairness precludes [a party] from again litigating these same issues".

Accordingly, we grant defendant RGA's motion, and dismiss the complaint.

Concur—Kupferman, J. P., Sullivan, Ross and Asch, JJ.