■ Steven S. Sieratzki, Appellant, v Robert A. Jacobs et al., Respondents.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered on April 28, 1989, which granted defendants' motion for an order pursuant to CPLR 3211 (a) (5), dismissing, on the ground of res judicata, plaintiff's action for specific enforcement of certain provisions of the parties' partnership agreement, unanimously affirmed, without costs and disbursements.

Plaintiff and defendants are former law partners. Plaintiff was formally expelled from the firm by notice served on November 24, 1987. On or about December 4, 1987, plaintiff commenced the action captioned Sieratzki v Jacobs & Zinns (NY County index No. 29919/87), seeking, inter alia, an accounting and the right to participate in the winding up of the dissolved partnership, the dissolution of which he alleged was occasioned by his expulsion. Plaintiff successfully moved for an order enjoining defendants from removing him from their offices. Defendants cross-moved to dismiss the action on the ground of a complete defense based upon documentary evidence, namely, a provision of the partnership agreement that provided that the expulsion of a partner did not dissolve the partnership. This motion was made in response to plaintiff's second motion for a preliminary injunction brought to freeze partnership assets. In supporting papers plaintiff ar-

gued that even if the partnership were not dissolved, and the expulsion provision was valid, he would be entitled to an accounting and certain other relief anyway. By order entered March 8, 1988, the court denied plaintiff's motion, vacated the previously granted stay and granted defendants' motion to dismiss the complaint. While Justice Altman found that the expulsion provision of the agreement was valid and enforceable, the plaintiff was granted leave to replead. Plaintiff appealed that order to this court, and successfully obtained a stay of the time within which he had to replead until 20 days after this court's determination of his appeal. By order entered June 9, 1988 [141 AD2d 1012], this court affirmed the order of Justice Altman dismissing the action. Plaintiff intentionally allowed the time to replead to elapse in order to seek review of the matter in the Court of Appeals. However, by order entered October 20, 1988 [72 NY2d 809], the Court of Appeals denied plaintiff's motion for leave to appeal this court's June 9, 1988 order. Plaintiff then commenced this action for "specific enforcement" of his rights under the partnership agreement and defendants moved to dismiss the action on the ground of res judicata.

It is axiomatic that "once a claim is brought to final conclusion all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or seeking a different remedy" (Dorli, Inc. v RGA Accessories, 136 AD2d 465, 466, citing O'Brien v City of Syracuse, 54 NY2d 353, 357).

Plaintiff argues that this matter presents successive actions which are based upon the same course of dealing, but which involve elements of proof and evidence that are materially different. Review of the pleadings in the prior action shows that plaintiff raised and argued issues relating to the specific enforcement of the partnership agreement, i.e., the relief he seeks in the subsequent action. Moreover, the elements of proof and evidence necessary to prove plaintiff's case in the two actions are substantially the same. The court gave the plaintiff the opportunity to replead his claim in the subsequent action, and this court preserved that opportunity. Plaintiff charted his own procedural course and chose to allow the time within which to replead to elapse.

That choice worked to exclude the possibility of his bringing the subsequent action for specific enforcement. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.