■ In the Matter of CENTRAL MANAGEMENT CORP., Appellant, v RICHARD HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent. [593 NYS2d 884] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated May 23, 1989, revoking major capital improvement rent increases granted by the District Rent office, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered October 10, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of unsold shares to certain

cooperative apartments. In 1985, the petitioner applied to the New York State Division of Housing and Community Renewal (hereinafter DHCR) for a rent increase based upon major capital improvements, including replacement of windows and electrical rewiring. The District Rent Administrator granted the petitioner's application for the rent increase. The Tenants Association filed a petition for administrative review, arguing that the windows and rewiring were to be paid at the owner's "sole cost" based on a provision in the offering plan. On May 23, 1989, the Commissioner revoked the District Rent Administrator's order, finding that the owner was not entitled to rent increases because it had represented to the tenants that it would make the repairs at its sole cost and expense.

The determination under review was not arbitrary and capricious and was supported by a rational basis in the record. The sponsor agreed to install windows at its sole cost and expense (see, Matter of 402 E. 74th Corp. v New York State Div. of Hous. & Community Renewal, Sup Ct, New York County, Dec. 4, 1989, Saxe, J.) Moreover, the record establishes that as a result of negotiations with the tenants during the cooperative conversion, the sponsor also agreed to upgrade electrical service in all apartments. The petitioner contends that DHCR's determination as to the effect of the "sole cost" clause represents a new policy which was implemented after the improvements were completed and the District Rent Administrator's order was issued. However, the petitioner's application was pending before the Commissioner at the time the policy was formulated; therefore, the policy was properly applied (see, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325). Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.