■ In the Matter of FULTON TERRACE ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [614 NYS2d 913] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated November 20, 1991, revoking an order of the District Rent Administrator dated December 17, 1990, which granted the petitioner's application for a major capital improvement rent increase, Fulton Terrace Associates appeals from (1) a judgment of the Supreme Court, Kings County (Yoswein, J.), dated December 1, 1992, which dismissed the proceeding, and (2) an order of the same court dated January 25, 1993, which upon reargument, adhered to its decision dated August 6, 1992.

Ordered that the appeal from the judgment dated December 1, 1992, is dismissed, as that judgment was superseded by the order dated January 25, 1993, made upon reargument; and it is further,

Ordered that the order dated January 25, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the contentions of Fulton Terrace Associates, the court properly treated its motion to renew and reargue as one for reargument since it was not based upon new facts which were unavailable at the time of the original motion *(see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538).

The determination under review was not arbitrary and capricious and was supported by a rational basis in the record *(see, Matter of Central Mgt. Corp. v Higgins,* 191 AD2d 434). The First Amendment of the Offering Plan clearly indicates, *inter alia,* that the installation of new windows was to be completed at the sole expense of the sponsor and thus, non-purchasing tenants were not subject to major capital improvement rent increases in connection with those costs *(see, Matter of Central Mgt. Corp. v Higgins, supra).* Mangano, P. J., Altman, Hart and Florio, JJ., concur.