George JEMZURA, Plaintiff,

v.

PUBLIC SERVICE COMMISSION, New York State Electric & Gas and Employees, John O'Mara, individually, Catherine Dudley, individually, Eugene Connell, individually, Cheryl Callahan, individually, John Draghi, individually, Diane Simpson, individually, Defendants.

No. 97–CV–0039.

United States District Court,
N.D. New York.

July 28, 1997.

George Jemzura, Sherburne, NY, pro se.

Huber Lawrence & Abell, New York City, for Defendant New York State Electric & Gas and its Employees, John Draghi and Dianne Simpson; John Draghi, Dianne Simpson, of counsel.

Department of Public Service, Albany, NY, for Defendant Public Service Commission of the State of New York and its Employees, John O'Mara, Catherine Dudley, Eugene O'Connell, and Cheryl Callahan; Lawrence Malone, Diane T. Deane, of counsel.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

## I. BACKGROUND

Presently before the Court are two separately filed motions, one by defendant New York State Electric & Gas ("NYSEG") and its counsel (Dianne M. Simpson and John Draghi), the other by Public Service Commission ("PSC"), its employees (John O'Mara, Catherine Dudley, Eugene Connell, and Cheryl Callahan). Both NYSEG and PSC seek to have plaintiff's 42 U.S.C. § 1983 claim dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (hereinafter Fed. R.Civ.P.) or barred by the doctrine of *res judicata*. Moreover, both NYSEG and PSC seek sanctions against plaintiff, pursuant to Fed.R.Civ.P. 11, and an injunction, pursuant to 28 U.S.C. § 1651, preventing him from bringing further *pro se* actions against them for claims relating to the alleged wrongful failure to install electrical distribution lines. Additionally, NYSEG asserts that plaintiff's claim is barred by collateral estoppel, while PSC contends that plaintiff's claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

The instant actions arise out of some twenty years of litigation by plaintiff and his brother, Raymond Jemzura, to compel NY-SEG to provide an electrical line extension on land owned by Raymond Jemzura, but against which plaintiff holds a mortgage. Plaintiff claims that NYSEG denied him electrical service, thereby depriving him and his brother of farming and business opportunities, including an alleged multi-million dollar spring water enterprise. Thus, plaintiff asserts a 42 U.S.C. § 1983 claim on the basis that defendants' failure to perform official duties amounted to a denial of due process and equal protection under the law.

Because NYSEG and PSC moved to dismiss under Fed.R.Civ.P. 12(b)(6), and because the parties relied on supplemental supporting materials extrinsic to the Complaint, the Court, pursuant to Fed.R.Civ.P. 12(b), will treat these motions as motions for summary judgment under Fed.R.Civ.P. 56. As the parties are well acquainted with the details of this case, the Court will not elaborate on its facts and procedural history any further.

## II. DISCUSSION

Given the protracted history of this litigation and the existence of privity between plaintiff and his brother as a result of the mortgage plaintiff holds on his brother's farm, the Court notes that the instant action, though initiated by plaintiff, is affected by all previous holdings involving either him or his brother, Raymond Jemzura.

### A. The Court's Jurisdiction to Hear Plaintiff's § 1983 Claim

█ A Court must have jurisdiction before deciding issues of fact or law. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1945). As stated in a prior case involving the Jemzura brothers, "§ 1983 does not, by itself, confer jurisdiction: it is a remedial rather than a jurisdictional statute." *See Jemzura v. New York State Elec. & Gas Corp.,* (Case No. 91–CV–0843) (Cholakis, J.) *applying Hagans v. Lavine,* 415 U.S. 528,

535, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). Accordingly, plaintiff must posit either a federal question under 28 U.S.C. § 1331 or a diversity issue under 28 U.S.C. § 1332(a) for this Court to entertain his claim against PSC or NYSEG. *Id.* Here, since plaintiff has not asserted a diversity issue against either of the defendants, the Court will only hear the instant action if "a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Cf. United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that where no colorable claim can be construed from a Complaint, it should be dismissed).

■ Plaintiff contends that PSC and NYSEG's failure to extend electrical distribution lines to the property at issue amounted to a denial of equal protection and due process. Because plaintiff's Complaint implicates constitutional issues, the Court will consider the merits of his § 1983 claim.

**B. Merits of Plaintiff's § 1983 Claim**

■ As an initial matter, the Court notes that under § 1983 assertions of conspiracy must be pleaded with specificity. *See Alfaro Motors Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987). Plaintiff's Complaint, however, contains nothing more than vague and fanciful allegations of a conspiracy between NYSEG, PSC, and their employees to deprive him of his constitutional rights. While the Court recognizes that plaintiff is proceeding *pro se,* the facts he alleges are insufficient to support an allegation of conspiracy under § 1983. *See Zemsky v. City of New York,* 821 F.2d 148, 151 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987) (affirming dismissal of *pro se* § 1983). Still, the Court will address the remainder of plaintiff's § 1983 claims.

It is a well-settled fact that to assert a § 1983 claim, plaintiff must show that a person acting under color of state law violated his rights under the United States Constitu-

tion or statute. *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Herben v. Public Service Comm'n,* No. 92–CV–7681, slip op. at 4, 1993 WL 50945 (S.D.N.Y.1993), aff'd, No. 93–7197, 1993 WL 556123 (2d Cir.1993). Thus, the Court's first inquiry is "whether the plaintiff has been deprived of a right secured by the Constitution and laws." ' Here, despite plaintiff's claim that defendants violated his Fourteenth Amendment rights, plaintiff has not alleged any purposeful discrimination to support such a claim. Moreover, the Court cannot identify any process that plaintiff is or was due. *See Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

**1. Plaintiff's § 1983 Claim Against PSC**

■ In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), the Court established that neither the State nor state officials acting in their official capacities[1] are "persons" under § 1983. PSC is a state agency, and as such neither it nor its employees are "persons" within the meaning of § 1983. *See Id.; Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 243, 105 S.Ct. 3142, 3147–48, 87 L.Ed.2d 171 (1985). Rather, as the Court previously determined in *Raymond Jemzura v. New York State Elec. & Gas Corp.,* (Case No. 91–CV–0843) slip op. at 12, both PSC and its employees have sovereign immunity under the Eleventh Amendment pursuant to Will. 491 U.S. at 71, 109 S.Ct. at 2312. *See, e.g. Mount Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977) (finding of whether an agency enjoys Eleventh Amendment immunity depends, in part, on the nature of the entity created by state law).

■ Because PSC and its employees are immune from suit under the Eleventh Amendment, plaintiff can only proceed with his § 1983 claim if PSC has consented to suit. *See Harlow v. Fitzgerald,* 457 U.S. 800,

1. Despite the plaintiff's effort to label the claims against the individual defendants as in their "individual" capacities, even a cursory reading of the Complaint reveals that there are no allegations of conduct outside the scope of their employment.

818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Berman Enterprises, Inc. v. Jorling,* 3 F.3d 602, 607 (2d Cir.1993). As PSC has not consented to suit, plaintiff's claim as against PSC and its employees properly can be dismissed pursuant to Fed.R.Civ.P. 56.

### 2. Merits of Plaintiff's § 1983 Claim Against NYSEG

■ To establish a § 1983 claim against NYSEG for allegedly violating his constitutional rights, plaintiff must show that NYSEG acted "under color of law" within the meaning of § 1983. *See Adickes,* 398 U.S. at 150, 90 S.Ct. at 1604. Under § 1983, color of law exists only where there is "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *See Id.* Contrary to plaintiff's conclusory assertions to this effect, however, the fact that NYSEG is a public utility subject to considerable state regulation does not by itself support a finding of state action. *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350–51, 95 S.Ct. 449, 453–54, 42 L.Ed.2d 477 (1974) (stating that extensive state regulation does not divest a company of its private character). As such, plaintiff's § 1983 claim against NYSEG and its employees lacks merit.

### C. NYSEG and PSC's 12(b)(6) Motions

■ NYSEG and PSC have moved to dismiss for failure to state a claim under 12(b)(6). Thus, the Court concerns itself with three propositions. First, the Court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *See Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). Second, the Court must "view all allegations raised in the complaint in the light most favorable to the non-moving party." *See Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686 (1974). And third, because plaintiff is a *pro se* litigant, the Court must "read his supporting papers liberally, and [ ] interpret them to raise the strongest arguments that they suggest." *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

In light of the foregoing standards, the Court finds plaintiff's Complaint insufficient. First, as the Court discussed above, plaintiff has alleged no facts that show that PSC is a person within the meaning of § 1983. This, coupled with the fact that PSC has not waived its sovereign immunity, prevents plaintiff from advancing a § 1983 claim against PSC. Second, as the Court stated in *Raymond Jemzura v. New York State Elec. & Gas Corp.,* (Case No. 91–CV–0843), slip op. at 17, plaintiff's "voluminous submissions simply do not show that NYSEG is a state actor" within the meaning of § 1983. Accordingly, plaintiff's Complaint is fatally deficient in that respect as well.

For the reasons stated above, plaintiff's Complaint is defective as to both defendants for failure to plead essential elements of § 1983 claim. Thus, plaintiff's must be dismissed.

### D. *Res Judicata* and Collateral Estoppel

Even if a sufficiently colorable § 1983 claim could be construed from plaintiff's Complaint to support federal question jurisdiction, and the Court holds today that it cannot, such a claim would be barred by the doctrines of *res judicata* and collateral estoppel.

The Court recognizes that 'parties and courts sometimes fail to distinguish between *res judicata* and collateral estoppel despite the different rules and restrictions that apply to each doctrine.' *See Burgos,* 14 F.3d 787. However, under the facts presented in the instant case, it is a distinction without a difference since both doctrines bar plaintiff from bringing his proposed § 1983 claim.

### 1. *Res judicata* Bars Plaintiff's § 1983 Claim

■ *Res judicata* bars relitigation of issues between the same parties of issues that were decided on the merits or could have been litigated in an earlier proceeding. *See Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466–67 n. 6, 102 S.Ct. 1883, 1889–90 n. 6, 72 L.Ed.2d 262 (1982); *Milltex Industries Corp. v. Jacquard Lace Co., Ltd.,* 922 F.2d 164 (2d Cir.1991). Because the claim

allegedly precluded herein was first decided in a New York State court, the Court must apply New York State's *res judicata* rules pursuant to 28 U.S.C. § 1738. *See Conte v. Justice,* 996 F.2d 1398, 1400 (2d Cir.1993).

██ Under New York's rules of *res judicata,* after a claim is brought to a final conclusion, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon *different theories* or if seeking a *different remedy." See Dorli v. RGA Accessories, Inc.,* 136 A.D.2d 465, 466, 523 N.Y.S.2d 103, 104 (1988) (emphasis added). Thus, for the purposes of plaintiff's § 1983 claim, the Court must determine: (i) whether the same transaction or connected series of transactions is at issue; (ii) whether the same evidence is needed to support both claims; and (iii) whether the facts essential to the second claim were present in the first. *See N.L.R.B. v. United Technologies Corp.,* 706 F.2d 1254 (1983).

### i. Plaintiff Has Put the Same Transactions at Issue

██ In at least two prior actions plaintiff litigated his claim that the 1941 easement and the 1924 "franchise agreement" authorized NYSEG to extend electrical service to the property at issue. *Jemzura v. New York State Elec. & Gas Corp.,* Index No. F–91602, slip op. at 5 (N.Y. Sup. Ct., Madison Co. 1987) (holding a 1941 easement was not executed by the parties to the action, and thus did not bind NYSEG); *Jemzura v. Town of Lebanon, et al.,* Index No. 93–1049 (N.Y. Sup.Ct., Madison Co.1993) (rejecting plaintiff's claim that a 1924 "franchise agreement" authorized NYSEG to extend electric service along the road to the Jemzura farm). In the instant action, plaintiff premises his § 1983 claim on the grounds that the 1941 easement and 1924 "franchise agreement" authorized NYSEG to extend electrical service. Thus, the Court finds that plaintiff's instant claim involves the same transactions as those in the above-mentioned proceedings.

### ii. The Evidence Plaintiff Relies on to Support His § 1983 is the Same Evidence He Relied on in Prior Adjudications

In order to prove that NYSEG's failure to extend electrical distribution lines for free,

and PSC's failure to compel NYSEG to do this violated his constitutional rights, plaintiff must first prove that NYSEG had authority to access particular property pursuant to the 1941 easement and the 1924 "franchise agreement." Plaintiff's proof in this regard relies on the substantially the same evidence he brought before the courts in *Jemzura v. New York State Elec. & Gas Corp.,* Index No. F–91602, and *Jemzura v. Town of Lebanon, et al.,* Index No. 93–1049. Thus, this Court finds that the evidence plaintiff relies on to support his § 1983 claim is the same evidence considered in prior adjudications.

### iii. The Facts Essential to Plaintiff's § 1983 Claim Were Present in Prior Adjudications

In *Jemzura v. New York State Elec. & Gas Corp.,* Index No. F–91602, the Court specifically held that the 1941 easement was not executed by the parties to the action, and thus did not bind NYSEG. Subsequently, the Court in *Jemzura v. Town of Lebanon, et al.,* Index No. 93–1049, rejected plaintiff's claim that a 1924 "franchise agreement" authorized NYSEG to extend electric service along the road to the Jemzura farm. Thus, plaintiff has litigated NYSEG's authority to access certain lands pursuant to either the 1941 easement or 1924 "franchise agreement," the essential fact at issue in the instant § 1983 claim.

Because plaintiff has already litigated the antecedent facts of his § 1983 claim, the Court finds that *res judicata* can properly be used to prevent him from raising the issue in the instant action. *See Winters v. Lavine,* 574 F.2d 46 (2d Cir.1978) (stating that party must have had an opportunity to litigate an issue before an opponent can use *res judicata* against it). For this reason and those that preceded it, the Court finds that *res judicata* precludes relitigation of plaintiff's § 1983 claim. Still, the Court will address the issue of collateral estoppel.

### 2. Collateral Estoppel Bars Plaintiff's § 1983 Claim

██ Collateral estoppel precludes relitigation of the same issue on a different

cause of action by the same parties once a court decides an issue of fact or law necessary to its judgment. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. at 466–67 n. 6, 102 S.Ct. at 1889–90 n. 6. Under New York law, collateral estoppel precludes relitigation of an issue if: (i) the issue sought to be litigated is identical to an issue necessarily decided in a prior action and decisive on the present action; and (ii) the party to be bound had a full and fair opportunity to contest the determination now said to control. *See Conte*, 996 F.2d at 1400.

### i. Issue Identity

■ As discussed above, plaintiff's § 1983 claim is premised on his assertion that the 1941 easement and 1924 "franchise agreement" authorized NYSEG to extend electrical service, and that NYSEG's failure to do so violated his right to equal protection and due process. In the two prior proceedings the Court addressed above, plaintiff litigated his position that the 1941 easement and the 1924 "franchise agreement" authorized defendants to extend service. *See Jemzura v. New York State Elec. & Gas Corp.*, Index No. F–91602, slip op. at 5 (N.Y. Sup.Ct., Madison Co.1987); *Jemzura v. Town of Lebanon, et al.*, Index No. 93–1049 (N.Y. Sup.Ct., Madison Co.1993). Thus, because NYSEG's authority to act under the 1941 easement and the 1924 "franchise agreement" is the focal point of the instant action, the requisite identity of issues is satisfied.

### ii. Full and Fair Opportunity to Litigate

■ In determining if plaintiff had a full and fair opportunity to litigate the issues sought to be precluded by collateral estoppel the Court must engage in a multi-factor analysis. *See Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 502, 478 N.Y.S.2d 823, 827, 467 N.E.2d 487, 491 (1984) (citations omitted). The relevant factors are: "(1) the nature of the forum and the importance of the claim in the prior litigation; (2) the incentive and initiative to litigate and the actual extent of litigation; (3) the competence and expertise of counsel; (4) the availability of new evidence; (5) the differences in the applicable law; and (6) the foreseeability of future litigation." *See Id.*

Plaintiff makes no claim that he has not had a full and fair opportunity to litigate the issue of NYSEG's authority pursuant to the 1941 easement or 1924 "franchise agreement" in *Jemzura v. New York State Elec. & Gas Corp.*, Index No. F–91602, slip op. at 5 (N.Y. Sup.Ct., Madison Co.1987), *Jemzura v. Town of Lebanon, et al.*, Index No. 93–1049 (N.Y. Sup.Ct., Madison Co.1993), or any other proceeding relating to this matter's twenty year history. Over this time, plaintiff has vigorously advocated his cause through multiple actions filed in state as well as federal courts. Thus, this Court finds that the doctrine of collateral estoppel properly bars relitigation of the 1941 easement, the 1924 "franchise agreement," and all matters related thereto.

### E. Sanctions and Injunctive Relief

■ NYSEG and PSC have moved for sanctions pursuant to 28 U.S.C. § 1651 and Fed.R.Civ.P. 11. Under 28 U.S.C. § 1651, the Court may enjoin future vexatious litigation if "the litigant [ ] has a history of vexatious litigation [and] is likely to continue to abuse the judicial process and harass other parties." *See Safir v. United States Lines*, 792 F.2d 19, 24 (2d Cir.1986). With regard to Fed.R.Civ.P. 11, the Court may sanction a party when it presents a pleading "for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

The court has discretionary authority to impose an injunction or sanctions against plaintiff based on either of the foregoing statutes. However, as Chief Judge McAvoy has already sanctioned the plaintiff for vexatious and frivolous litigation in this action, this court declines to multiply that penalty at this time. *See* Memorandum–Decision & Order filed April 14, 1997 (dismissing claims asserted against defendants Vacco and Pataki, and ordering the plaintiff to show cause why he should not be fined $250.00 for violating Fed.R.Civ.P. 11).

## III. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** summary judgement in favor of NYSEG and PSC and the individual defendants, dismissing plaintiff's Complaint, in its entirety, with prejudice, and further **DENIES** the defendant's motion for sanctions and injunctive relief.

**IT SO ORDERED.**