■ In the Matter of LOIS SUTHERLAND et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. (Matter No. 1.) LOIS SUTHERLAND et al., Appellants, v WP OWNERS CORP., Defendant, and ALVIN ROSENTHAL, Respondent. (Matter No. 2.) [665 NYS2d 424] —In two consolidated matters, (1) pursuant to CPLR article 78 to review an order of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated December 21, 1994, which affirmed an order of a Rent Administrator granting Alvin Rosenthal a rent increase, the petitioners appeal from a judgment of the Supreme Court, Queens County (LeVine, J.), dated October 2, 1995, which, *inter alia,* dismissed the petition, and (2) *inter alia,* to permanently enjoin the defendants from further collection of the rent increase, the plaintiffs appeal from an order of the same court, dated September 20, 1996, which, among other things, granted the motion of the defendant Alvin Rosenthal for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the judgment and the order are affirmed, with one bill of costs.

Contrary to the appellants' contention, the finding by the Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter DHCR), that the respondent Alvin Rosenthal was entitled to rent increases as a result of major capital improvements (hereinafter MCI) he made to the subject property is supported by substantial evidence. Nothing in the record disputed Rosenthal's claims concerning the successful completion of the MCI or supported the appellants' claims of irregularity in the financing for the MCI, which consisted of the replacement of over 13,932 windows at a cost approaching $2,500,000.

The appellants contend that Rosenthal, as the sponsor of the cooperative's unsold shares and landlord for the tenants' units,

did not invest any of his own money in the MCI, and that therefore he should not be permitted to recoup that investment from the rent-controlled tenants. Inasmuch as the record establishes that the funds for the MCI were from a loan made to the cooperative association in refinancing a mortgage on the subject property, the appellants' contentions are meritless (*see,* 9 NYCRR 2522.4 [a] [9], [10]; *see also, Matter of Central Mgt. Corp. v Higgins,* 191 AD2d 434).

The causes of action asserted against Rosenthal in the action for injunctive relief which was commenced after the court issued its judgment dismissing the proceeding pursuant to CPLR article 78 are barred by the principles of res judicata. Accordingly, the complaint insofar as asserted against Rosenthal was properly dismissed. The action for injunctive relief insofar as asserted against Rosenthal arose out of the same transaction or series of transactions as the proceeding pursuant to CPLR article 78. Therefore, the appellants' claims in the action for injunctive relief are barred under the transactional analysis approach adopted in this State "even if based upon different theories or if seeking a different remedy" than those raised in the proceeding pursuant to CPLR article 78 (*O'Brien v City of Syracuse,* 54 NY2d 353, 357, citing *Matter of Reilly v Reid,* 45 NY2d 24, 29-30; *see also, Dorli, Inc., v RGA Accessories,* 136 AD2d 465; *Matter of McFerran v Board of Educ.,* 130 AD2d 886).

The appellants' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.