**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1954

ROBERT D. SPICKLER,

Plaintiff, Appellant,

v.

CARROLL R. LEE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Cyr, Senior Circuit Judge,
Lynch and Lipez, Circuit Judges.

Robert D. Spickler on brief pro se.
Paul W. Chaiken, Timothy A. Pease and Rudman & Winchell, LLC
on brief for appellees.

March 31, 2003

**Per Curiam**.  Plaintiff Robert Spickler, a retired real-estate developer in Maine, filed this action against three managers of a private electric-utility company, alleging breach of an agreement to install power lines free of charge once certain conditions were met.  Brought under 42 U.S.C. § 1983, the complaint set forth claims under both federal and state law.  Upon motion of defendants, the district court dismissed the federal claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, concluding that the requisite state action had not been established.  See 208 F. Supp. 2d 68 (D. Me. 2002).  In turn, it dismissed the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c).  Spickler has appealed, and we now affirm.

We agree, substantially for the reasons recited by the district court, that the complaint did not make a sufficient allegation of state action.  Such a conclusion is virtually dictated by Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974), a case which Spickler has failed to distinguish in any meaningful sense.  As there, the regulatory commission here cannot be said to have placed its "imprimatur" on the challenged practice (the alleged rescission of all pre-1990 contracts) simply by having assented thereto.  Id. at 357; accord, e.g., Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982) ("[m]ere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives"); see also

-2-

<u>Destek Group, Inc.</u> v. <u>New Hampshire Public Utilities Comm'n</u>, 318 F.3d 32, 39-40 & n.17 (1st Cir. 2003) (holding that state commission's approval of agreement between telephone company and university did not convert company into state actor); <u>Logiodice</u> v. <u>Trustees of Maine Central Inst.</u>, 296 F.3d 22, 30-31 (1st Cir. 2002) (discussing <u>Jackson</u>), <u>cert. denied</u>, 123 S. Ct. 882 (2003); <u>Jemzura</u> v. <u>Public Service Comm'n</u>, 971 F. Supp. 702, 706-07 (N.D.N.Y. 1997) (dismissing for lack of state action under similar circumstances). The other factors upon which Spickler relies do not change this result.

Spickler also advances a pair of procedural objections--protesting that the complaint was dismissed without the opportunity to conduct discovery or to amend. Under the circumstances, we perceive no error. The state-action inquiry, to be sure, is "necessarily fact-bound." <u>Brentwood Acad.</u> v. <u>Tennessee Secondary School Athletic Ass'n</u>, 531 U.S. 288, 298 (2001) (quoting <u>Lugar</u> v. <u>Edmondson Oil Co.</u>, 457 U.S. 922, 939 (1982)). Yet disposition thereof at the Rule 12(b)(6) stage prior to discovery is not always unwarranted. <u>See</u>, <u>e.g.</u>, <u>Gonzalez-Morales</u> v. <u>Hernandez-Arencibia</u>, 221 F.3d 45, 47-51 (1st Cir. 2000); <u>accord</u>, <u>e.g.</u>, <u>Hack</u> v. <u>President and Fellows of Yale College</u>, 237 F.3d 81, 84-85 (2d Cir. 2000), <u>cert. denied</u>, 534 U.S. 888 (2001); <u>DeBauche</u> v. <u>Trani</u>, 191 F.3d 499, 506-09 (4th Cir. 1999). Here, we see no hint that Spickler's requested discovery would have yielded anything of pertinence to

-3-

the state-action issue. Indeed, we note that the complaint in _Jackson_ itself was dismissed on the pleadings. _See_ 348 F. Supp. 954, 955, 958 (M.D. Pa. 1972), _aff'd_, 483 F.2d 754 (3d Cir. 1973), _aff'd_, 419 U.S. 345 (1974).

In turn, Spickler's district court pleadings and appellate submissions make it clear that, with respect to the three named defendants, any amendment of his complaint would have been "futile." _Correa-Martinez_ v. _Arrillaga-Belendez_, 903 F.2d 49, 59 (1st Cir. 1990). Indeed, Spickler focuses on a separate matter on appeal, expressing the wish to add a member of the regulatory commission as a defendant. Yet contrary to his assertion, _see_ Blue Brief at 14-15, such a possibility was never mentioned below. The district court cannot be faulted for failing to anticipate such a request, and under the circumstances we see no reason to pursue it further.

_Affirmed._