Charles 2X (COX), Plaintiff,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. No. 90–2548–LFO.

United States District Court,
District of Columbia.

April 14, 1992.

Charles 2X (Cox), pro se.

Sherman Bernard Robinson, Asst. Corp. Counsel, Washington, DC, for defendant.

*MEMORANDUM*

OBERDORFER, District Judge.

Plaintiff, Charles 2X (Cox) brought an action under 42 U.S.C. § 1983[1] against the

---

1. The text of 42 U.S.C. § 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

   42 U.S.C. § 1983 (1988).

District of Columbia alleging a violation of his Constitutional rights under the Eighth Amendment. Plaintiff alleges that the District of Columbia Department of Correction's periodic failure to furnish plaintiff with prescribed medication for his glaucoma condition resulted in deterioration of his eyesight as well as pain and suffering related to the ailment in violation of the Eighth Amendment. The District of Columbia has filed a Motion for Summary Judgment in this matter, pursuant to Fed.R.Civ.P. 56, arguing that plaintiff's complaints of constitutionally inadequate medical treatment are not factually supported and that plaintiff has failed to state a claim for which relief can be granted.

## I.

Plaintiff has been incarcerated since 1978, serving a sentence imposed for Burglary, Rape, Sodomy and Armed Robbery. Since his original incarceration, he has been transferred to at least two federal facilities and is presently under the control of the District of Columbia Department of Corrections. *See* Plaintiff's Second Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Second") at 1.

In late 1980, while in the custody of the District of Columbia, plaintiff was diagnosed as suffering from Chronic Open Angle Glaucoma. *See* Plaintiff's Second, Ex. A, ("Cox Aff.") ¶ 13. Glaucoma is a "degenerative disease of the optic nerve generally characterized by intraocular pressure." Plaintiff's Second at 2. In severe cases the pressure may result in "eye pain, headaches, nausea, and vomiting." Plaintiff's Second, Ex. B ("Javitt Aff.") ¶ 11. Untreated, glaucoma inevitably progresses to blindness. *Id.* ¶ at 10. Further, since "vision loss in glaucoma occurs over a protracted period, it is essential that pressure-lowering treatment be maintained on a regular and continuous basis without interruption." *Id.* ¶ 13. The two drugs named as treating glaucoma are Timoptic and Propine. *Id.* at ¶¶ 14–15. Fail-

ure to administer either or both drugs, "when prescribed, is likely to enhance the possibility of visual field damage in patients with increased intraocular pressure." *Id.* at ¶ 16.

In plaintiff's case, after diagnosis, he was treated with Timoptic, *see* Cox Aff. ¶ 14, and later given an additional prescription for Propine. *Id.* at ¶ 15. Cox was advised that glaucoma should be treated seriously and that diligent application of his medicines was required. *Id.* at ¶ 16. Cox claims [2] that between 1980 and 1984, before his transfer to the Federal prison system, he was deprived of a timely refill for his prescriptions on approximately five occasions, with each interval lasting between three and five days. *See* Cox Aff. ¶ 17. Between September 1988 and May 1989 plaintiff alleges another approximately seven occasions without medication and again, the delays were between three and five days. *Id.* at ¶ 18. Finally, between February 1990 and January 1991, plaintiff contends that he was deprived of timely refills for his medicines on another seven occasions; these periods lasted from eight to fourteen days each. *Id.* at ¶ 19(a)–(c). Cox states that at all times he had timely and properly requested refills of his medication prior to the deprivation and subsequently filed the appropriate administrative complaints. *Id.* at ¶¶ 17–19. Plaintiff argues that as a direct result of the deprivations he has suffered "great mental anguish and fear, ... substantial physical pain in his head and eyes, as well as blurred vision." Plaintiff's Second at 6.

The instant Complaint was filed *pro se* on October 16, 1990 and an amended Complaint followed on December 6, 1990 alleging a violation of plaintiff's Eighth Amendment rights to be free from "cruel and unusual punishment." On January 2, 1991, in response to what Cox claims were further failures to provide his medication, he filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. As a result of a January

---

**2.** There have been numerous questions concerning the specific dates and times of the alleged failures to supply medication. Defendants have been unable to present credible evidence of specific dates that they can represent to have been

the dates of the provision or deprivation of the medication but do admit that Cox did not receive his medications promptly at all times. As a result, plaintiff's assertions regarding the alleged deprivations shall be taken as undisputed fact.

15, 1991 hearing on that Motion, defendant was ordered to submit a plan for the adequate stocking of the necessary medication Propine. Cox admits that since the filing of the plan defendant has provided timely refills of the required medication. Cox Aff. ¶ 31. On June 17, 1991, defendant moved for summary judgment; plaintiff responded. On September 4, 1991, *pro bono* counsel was appointed in this matter and supplemental Memoranda were submitted on March 27, 1992 and April 10, 1992 and a hearing was held on the Motion for Summary Judgment on April 13, 1992. The Motion may now be decided.

## II.

The essence of plaintiff's Complaint is that the District of Columbia, Department of Corrections failed to provide him with his medication, Timoptic and later Propine in a timely manner. To support this main claim, and apparently to bolster his allegations that his medical treatment was inadequate, the plaintiff asserts that defendants also delayed in providing him with prescription glasses and did not speedily treat an ear infection. *See* Plaintiff's Opposition to Summary Judgment ("Plaintiff's First"). The District of Columbia has filed a motion for summary judgment; in order to succeed at this stage, the defendants must demonstrate that there is no need to submit the claim to a jury because the undisputed facts show that the defendant is "entitled to judgement as a matter of law." Fed.R.Civ.P. 56(C).

Cox, however, must necessarily only establish that there is a genuine issue of material fact. The test was established in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted) noting that "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. Additionally,

Cox must also show that he has evidence that will support each essential element of his claim. *See Celotex v. Cattret*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III.

■ Plaintiff bases his charges on the claimed underlying violation of the Eighth Amendment [3] guaranteeing him medical care that meets his needs while imprisoned. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To rise to the level of a constitutional violation of a prisoner's Eighth Amendment rights however, there must be some evidence of "deliberate indifference to serious medical needs of prisoners" or that amount to the " 'unnecessary and wanton infliction of pain.' " *Id.* at 104, 97 S.Ct. at 290 *quoting Gregg v. Georgia*, 428 U.S. 153, 182–83, 96 S.Ct. 2909, 2929, 49 L.Ed.2d 859 (1976).

## A.

■ Essentially, the *Estelle* test is a two-pronged standard requiring both a serious medical need evidenced by the prisoner and deliberate indifference on the part of the prison officials. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980); *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978). A medical need qualifies as serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos*, 639 F.2d at 575, quoting *Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H.1977). In the instant case, this standard has been met. Cox has stated, and the District of Columbia acknowledged that the plaintiff suffers from glaucoma, a disease recognized to result in progressive deterioration of vision and ultimate blindness if not effectively treated.[4]

---

3. Specifically, the Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const.Amend. VIII.

4. In their April 10, 1992 Reply to Plaintiff's Second, the District of Columbia raised a question regarding the accuracy of the original glaucoma diagnosis. *See* Declaration of Suresh Limaye,

M.D. However, that same document noted that on November 22, 1991, the intraocular pressure of plaintiff's eyes were "consistent with the presence of glaucoma" and "dictate that resident Cox resume his medications of Propine and Timoptic which reduced intraocular pressure." *Id.* at 2. As a result, it is clear that plaintiff has, at the least manifested objective signs of intraocular

## B.

■ Deliberate indifference to those serious medical needs has been held to be evidenced when "prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos*, 639 F.2d at 575; *see, e.g., Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979); *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir.1977). Such indifference can also be manifested by prison doctors in their response to the prisoner's needs, by the intentional denial or delay of access to medical care, or the intentional interference with treatment once prescribed. *Estelle v. Gamble*, 429 U.S. at 104–5, 97 S.Ct. at 291–2.

■ The *Estelle* Court discussed the medical context further, noting that an "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 105–6, 97 S.Ct. at 292–3. As a result, mere negligence in diagnosing or treating a complaint or condition "does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106, 97 S.Ct. at 293. Finally, the specific level of proof needed in a prisoner's constitutional claim under the Eighth Amendment was set out:

> Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

*Id.* Therefore, in order to prevail, Mr. Cox must show deliberate indifference to his serious medical needs. In order to withstand the present motion for summary judgment, plaintiff must present a genuine issue of fact that, with all inferences drawn in his favor,

could lead to a reasonable jury finding for the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. at 2510–11.

## IV.

■ With the *Estelle* standard in mind, it is possible to examine the specific issues that have been submitted in connection to Mr. Cox's allegations. Plaintiff alleges that his Timoptic or Propine medication has been delayed as much as fourteen (14) days and that there was a two week delay in treatment and an alleged loss of vision in his right eye. *See* Cox Aff. ¶ 19(a)–(c); *see also* Declaration of Charles 2X (Cox). Cox also notes that he has "gone months with an ear infection" before being treated. *See* Declaration of Charles 2X (Cox). Taken in the light most favorable to the plaintiff, the allegations of delay by themselves do not meet the standard of showing either harm to the plaintiff or evidence of deliberate indifference. *See, e.g., Shapley v. Nevada Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir.1985) (mere delay does not state a claim for a violation of the Eighth Amendment); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment standing alone does not constitute an eighth amendment violation"). Plaintiff's attached exhibits, copies of forms requesting an administrative remedy, attest to both the actual delay but also demonstrate that the delays were short and were ultimately corrected. *See* Plaintiff's First, Exhibits A–D and 1–9.

Additionally, plaintiff charges that medication and treatment, including the receipt of his prescription glasses, were withheld. There are no facts that establish that either medicine or treatment was withheld on a permanent or deliberate basis. The attached exhibits rather show a continuous response to the prisoner's filings and a frequent treatment schedule, including treatment on approximately forty different occasions from early 1990 through the present, in connection

---

pressure requiring treatment with drugs effective in the treatment of glaucoma. Additionally, the standard in a Summary Judgment hearing is that "the evidence of the non-movant is to be be-

lieved, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (citation omitted).

with plaintiff's complaints for glaucoma, ear conditions or other medical conditions. *See generally* Declaration of John H. Seipel.

Ultimately, here, there is no evidence of deliberate indifference even approaching the circumstances previously noted by the *Estelle* Court as meeting that definition. *See, e.g., Estelle,* 429 U.S. at 104, n. 10, 97 S.Ct. at 291 n. 10; *Williams v. Vincent,* 508 F.2d 541 (2d Cir.1974) (doctor choosing the easier but less efficacious route of throwing away the prisoner's ear and stitching · the stump as deliberate indifference); *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir.1974) *cert. denied sub nom. Thomas v. Cannon,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974) (doctor's injection of penicillin to patient with allergy followed by refusal to treat allergy as deliberate indifference); *Jones v. Lockhart,* 484 F.2d 1192 (8th Cir.1973) (doctor refusing to administer a prescribed painkiller and causing surgery to be unsuccessful by requiring prisoner to stand on injured leg despite instructions of the surgeon is deliberate indifference).

### V.

Although plaintiff has exhibited a serious medical need, he has not presented any evidence, upon which a jury could find in his favor, of deliberate indifference by the prison officials. Cox is, therefore, unable to satisfy the *Estelle* test and cannot support, through any factual basis, his claims of a violation of 42 U.S.C. § 1983 or an Eighth Amendment claim. As a result, defendant's motion for summary judgment must succeed. For the reasons stated above, an accompanying order will grant defendant's Motion for Summary Judgment.

### *ORDER*

For the reasons stated in the accompanying memorandum, it is this 14th day of April, 1992, hereby

ORDERED: that Defendant's Motion for Summary Judgment should be and is hereby GRANTED.