**James E. ARNOLD, Plaintiff,**

v.

**Margaret A. MOORE, Director of the District of Columbia Department of Corrections, William Plaut, Warden of the District of Columbia Detention Facility, and Three Unnamed Emergency Response Team Officers, Defendants.**

**No. CIV.A. 96–1162 (RCL).**

United States District Court,
District of Columbia.

Sept. 8, 1997.

---

**32**

James E. Arnold, Cumberland Federal Correctional Institution, Cumberland, MD, pro se.

Robert H. Stoukel, Office of Corp. Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

### INTRODUCTION

Before the Court in the above-captioned case are the defendants' Motion to Dismiss, filed in response to the Court's Order to Show Cause, and the plaintiff's Opposition thereto. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons expressed below, the Court will grant the defendants' Motion to Dismiss as to all claims against defendants District of Columbia Department of Corrections, Moore, and Plaut. The Court will deny the Motion to Dismiss as to the excessive force claims against the unnamed Emergency Response Team officers.

### BACKGROUND

The plaintiff, James E. Arnold, is an inmate at the D.C. Detention Facility. The defendants are as follows: the District of Columbia Department of Corrections; Margaret Moore, Director of the District of Columbia Department of Corrections; William Plaut, Warden of the D.C. Detention Facility; and three unnamed Emergency Response Team ("ERT") officers, identified only as "ERT(1)," "ERT(2)" and "ERT(3) ."

The events giving rise to this case occurred on and after February 23, 1996, while the plaintiff was incarcerated at the D.C. Detention Facility. The plaintiff alleges that on February 23, 1996, while returning to his housing unit after a meeting in Corrections Officer Patricia B. Jackson's office, he smelled tear gas and encountered an injured corrections officer, who apparently had been injured in an altercation with other inmates. Compl. at 2; Pl.'s Second Aff. at 1 (July 30, 1996). The officer, Sergeant J. McCulley, had been attacked by several inmates during an uprising and was "bleeding profusely from his head and face and staggering, disoriented and falling from his injuries." *Id.* The plaintiff further alleges that he was attempting to assist Sergeant McCulley by reaching out to stabilize him and that his actions were mistaken for aggression by ERT officers (the three unnamed defendants identified as ERT(1), ERT(2), and ERT(3)), who were coming to Officer McCulley's assistance. Compl. at 2; Pl.'s First Aff. at 1 (April 24, 1996).

The plaintiff alleges that the unnamed defendants ordered him to face the wall. The plaintiff immediately turned to face the wall when one officer stated, "You f—— inmates like to stab correctional staff, huh, punk." The plaintiff then was punched from behind, knocking his forehead and face into the wall. The plaintiff was allegedly picked up and slammed down on the concrete floor by the defendant ERT officers, who were screaming, "It's our go now, m—— f——." As the plaintiff tried to explain that he had just come from Officer Jackson's office, the ERT officers allegedly yelled, "Shut your f—— mouth," and "We ought to kill you, m——. f——." Compl. at 2. The defendants then allegedly beat, stomped and stuck him with a black metal flashlight repeatedly until he lost consciousness. Compl. at 2; Pl.'s Second Aff. at 1. The plaintiff claims that he was

handcuffed throughout the beating and that he is unable to identify the corrections officers who beat him. *Id.*

The plaintiff further alleges that following the beating, he was placed for several days in a feces-infested cell, without heat, running water, and with garbage and urine on the floor. Pl.'s Second Aff. at 1. He also alleges that he was denied bedding, a jumpsuit, heat and eating utensils. *Id.* at 1–2. The plaintiff also alleges that he was denied medical treatment for several days, even though he was bleeding from the mouth, nose, and head. Compl. at 3; Pl.'s Second Aff. at 2.

The defendants are being sued individually and in their official capacities as employees of the District of Columbia Department of Corrections. The plaintiff seeks damages under 42 U.S.C. § 1983 for alleged violation of the plaintiff's constitutional right against cruel and unusual punishment. The plaintiff specifically cites the defendants' use of excessive force, failure to provide adequate medical care, and the plaintiff's conditions of confinement as violative of his constitutional rights.

## DISCUSSION

### I. THE COURT WILL TREAT THE PLAINTIFF'S AFFIDAVITS AS AMENDMENTS TO HIS COMPLAINT.

Appearing *pro se*, the plaintiff filed *in forma pauperis* a handwritten complaint dated March 27, 1996. On July 30, 1996, the plaintiff filed with the Court two of his own affidavits: a typed affidavit dated July 30, 1996, and a handwritten affidavit dated April 24, 1996. The plaintiff notes on the July 30, 1996 affidavit that it was submitted to clarify his complaint, which the defendants found "exceedingly hard to understand." Pl.'s Second Aff. at 1.

 Because the plaintiff submitted his affidavits to clarify his confusing, nearly illegible complaint, and because the Court has a special responsibility to allow ample opportunity for amending *pro se* complaints, *see Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 n. 2 (7th Cir.1996), the Court will treat the plaintiff's affidavits as amendments to his complaint, rather than matters outside the pleadings. Consequently, the Court's consideration of the affidavits does not convert the defendants' Motion to Dismiss to a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(b).

### II. THE COURT WILL GRANT THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT DEPARTMENT OF CORRECTIONS BECAUSE GOVERNMENTAL AGENCIES OF THE DISTRICT OF COLUMBIA ARE NOT SUABLE ENTITIES.

 Governmental agencies of the District of Columbia are not suable entities, or *non sui juris. Roberson v. District of Columbia Bd. of Higher Ed.*, 359 A.2d 28, 31 n. 4 (D.C.App.1976); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C.App.1974). Therefore, all of the plaintiff's claims against the District of Columbia Department of Corrections must be dismissed.

### III. THE COURT WILL GRANT THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MOORE AND PLAUT FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

#### A. The Court Will Dismiss All Claims Against Defendants Moore and Plaut to the Extent That They are Being Sued in Their Individual Capacities.

##### 1. *Excessive Force Claims.*

 The Court will dismiss the plaintiff's Eighth Amendment excessive force claims against Defendants Moore and Plaut, to the extent that the plaintiff is suing them in their individual capacities, for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The plaintiff here sets forth no facts that make out a valid Eighth Amendment claim for use of excessive force as to Defendants Moore and Plaut. More specifically, the plaintiff fails to allege that

the defendants were in any way personally responsible for the incidents giving rise to his excessive force allegations.

### 2. *Inadequate Medical Care.*

In order to prevail on his Eighth Amendment claim for the defendants' alleged failure to provide him medical care, the plaintiff must prove that: (1) his medical need is serious; and (2) the defendant prison officials acted with deliberate indifference to his serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The plaintiff can prove deliberate indifference by showing that despite knowledge of an excessive risk to an inmate's health and safety, a defendant prison official denied the inmate access to medical personnel or prevented an inmate from receiving recommended treatment. *See Cox v. District of Columbia,* 834 F.Supp. 439, 442 (D.D.C.1992). The defendant must have actual knowledge of the seriousness of the need. *See Farmer v. Brennan,* 511 U.S. 825, 842, 114 S.Ct. 1970, 1981–82, 128 L.Ed.2d 811 (1994) (holding that the test for deliberate indifference is not what reasonable prison official would know under circumstances; rather, the test is what the defendant official knew and what he or she did or failed to do in light of this knowledge).

The plaintiff fails to allege facts sufficient to show that Defendants Moore and Plaut acted with deliberate indifference to his medical need. Specifically, the plaintiff fails to allege that the defendants even knew of his injuries. Without actual knowledge, the defendants could not have deliberately sought to withhold care for a serious medical need or ignored his requests for medical care. *See Farmer,* 511 U.S. at 837–42, 114 S.Ct. at 1978–79 (holding that prison official cannot be held liable for deliberate indifference under Eighth Amendment unless the official knows of and disregards the risk). Consequently, the Court will grant the defendants' Motion to Dismiss the plaintiff's claim of inadequate medical care for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

### 3. *Plaintiff's Conditions of Confinement.*

To prevail on his claim that his conditions of confinement violated the Eighth Amendment, the plaintiff must prove that: (1) he was incarcerated under conditions that denied him "the minimal civilized measures of life's necessities," *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977; and (2) the defendant prison officials acted with deliberate indifference to his health and safety. *Id.* In *Farmer,* the Supreme Court determined that in order to show deliberate indifference to a prisoner's inhumane conditions of confinement, a claimant must show that the defendant prison officials knew that inmates face a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847, 114 S.Ct. at 1984.

The plaintiff also must show that the officials were aware of the facts from which the inference of a substantial risk to health or safety could be drawn and actually drew such an inference. *Id.* at 837, 114 S.Ct. at 1978–79. The test for deliberate indifference is not what the reasonable prison official would know under the circumstances; rather the test is what the defendant official knew and what he or she failed to do in light of this knowledge. *Id.* at 842, 114 S.Ct. at 1981–82.

The issue whether or not a prison official had the requisite knowledge that a substantial risk to inmate health or safety existed is one of fact. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* Although this test of knowledge is a subjective one, prison officials are not immune from liability under the Eighth Amendment by remaining willfully blind to the facts of inmate confinement and the attendant risks to inmate health and safety. *Id.*

In his complaint and affidavit, the plaintiff claims that his placement for several days in a feces-infested cell, without heat, running water, bed sheets, a jumpsuit, a towel, a blanket or any eating utensils, and with garbage, urine and feces on the floor violated the Eighth Amendment's prohibition of cruel

and unusual punishment. *See* Pl.'s Second Aff. at 1–2. If true, these facts may be sufficient to show a denial of the minimal civilized measures of life's necessities.[1] The plaintiff, however, fails to allege facts sufficient to show that either Mr. Plaut or Ms. Moore knew of the conditions of confinement and were deliberately indifferent to an excessive risk to the plaintiff's health and safety.

The plaintiff has failed to allege that Mr. Plaut had the requisite subjective intent to violate the Eighth Amendment's prohibition of cruel and unusual punishment. The plaintiff does not allege that Mr. Plaut had any knowledge of the conditions of confinement that form the basis of the plaintiff's Eighth Amendment claim or that Mr. Plaut disregarded an excessive risk to inmate health and safety. While complaints written by *pro se* plaintiffs are more liberally construed than pleadings authored by attorneys, the plaintiff's complaint, response and affidavits fail to allege the requisite state of mind on the part of Defendant Plaut. Consequently, the plaintiff has failed to state a claim for deliberate indifference to conditions of confinement with respect to Defendant Plaut. *See Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 2481–82, 125 L.Ed.2d 22 (1993) (holding that prisoner must establish both subjective and objective component to establish claim of deliberate indifference).

Similarly, the plaintiff has failed to allege that Defendant Moore was deliberately indifferent to the plaintiff's inhumane conditions of confinement. While knowledge of the alleged unconstitutional conditions may be inferred upon Defendant Moore, there are no allegations that Ms. Moore remained willfully blind to, or ignored, the risk to the plaintiff's health and safety. To the contrary, the record shows that the Department investigated the plaintiff's conditions of confinement and removed him from the Maximum Security facility after his complaints to Delegate Eleanor Holmes Norton were referred to Defendant Moore. *See* Pl.'s Response to Def.'s Response to the Court's Show Cause Order at 3, Exh. B. Thus, the plaintiff fails to allege that Defendant Moore was deliberately indifferent to the plaintiff's allegedly unconstitutional conditions of confinement.

Because the plaintiff does not allege facts showing that Defendants Moore and Plaut were deliberately indifferent to the risk to the plaintiff's health and safety created by his conditions of confinement, the Court shall dismiss the plaintiff's unconstitutional conditions of confinement claims against Defendants Moore and Plaut for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

**B. The Court Will Dismiss the Plaintiff's Claims Against Defendants Moore and Plaut To the Extent They are Being Sued Under Theories of *Respondeat Superior* or Vicarious Liability.**

Even if the plaintiff identifies other prison officials, besides Ms. Moore and Mr. Plaut, who beat him or knew of and were indifferent to his serious medical needs and conditions of confinement, Defendants Moore and Plaut cannot not be held responsible for the others' actions. It is well settled that public officials are not vicariously liable for the acts of their subordinates. *Respondeat superior* cannot form the basis for liability for a § 1983 claim. *Monell v. Dep't. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *see Haynesworth v. Miller,* 820 F.2d 1245, 1259 (D.C.Cir.1987). High level public officials are not employers of their subordinates, but rather are fellow governmental servants, and

---

1. See *McCord v. Maggio,* 927 F.2d 844, 846–47 (5th Cir.1991) (Eighth Amendment violated where prisoner confined for twenty-three hours per day in roach-infested, windowless, unlighted cell into which rain water and sewer leaked); *Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir.1991) (prisoner stated an Eighth Amendment claim by alleging administrative confinement in a cold cell with no clothes, except undershorts, no bedding, except a plastic-covered mattress; periodic lack of toilet paper, running water, soap, toothbrush and toothpaste; and prior occupancy by an inmate with HIV); *Johnson v. Pelker,* 891 F.2d 136, 139 (7th Cir.1989) (allegations that prisoner was placed in cell for three days without running water and in which feces had been smeared on walls, while his requests for cleaning supplies and for water to be turned on were ignored, stated Eighth Amendment claim).

thus cannot be held liable on the basis of *respondeat superior. Id.*

**C. The Court Will Dismiss the Plaintiff's Claims Against Defendants Moore and Plaut to the Extent that They Are Being Sued in Their Official Capacity.**

It is well settled that if the plaintiff is suing the defendants in their official capacities, the suit is to be treated as a suit against the District of Columbia. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985). Under § 1983, governmental entities can be found liable only where the action alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers," *id.* at 690–691, or the injury to the plaintiff is caused by the "persistent and widespread discriminatory practices of state officials." *Id.* at 691. The plaintiff fails to allege that any of the defendants took an unconstitutional action pursuant to an official policy or regulation brought about by the decisions of an official with final policy making authority, or that his injuries were the result of the defendants' acquiescence to a longstanding practice or custom that constitutes the standard operating procedure of the government entity. *See Jett v. Dallas Ind. School Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 2723–24, 105 L.Ed.2d 598 (1989).

An allegation of a one-time constitutional violation is insufficient to establish the existence of a policy giving rise to governmental liability, absent proof that the incident was caused by an existing unconstitutional municipal policy. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985). The plaintiff makes no allegations that an existing policy, established by an official with policy making authority, caused his beating, his inadequate medical treatment or his conditions of confinement. Accordingly, the Court will grant the defendants' Motion to Dismiss with respect to the plaintiff's claims against Defendants Moore and Plaut, in their official capacities,

for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

**IV. THE COURT WILL DENY THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S CLAIM THAT THE UNNAMED ERT OFFICERS USED EXCESSIVE FORCE IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS.**

When a prison official stands accused of using excessive physical force in violation of the Eighth Amendment, it must be shown that the official applied force "maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). No liability arises when the force was applied in " 'a good faith effort to maintain or restore discipline.' " *Id.* (citation omitted).

When determining whether the force used was excessive, a court considers (1) the extent of the injury suffered, (2) the need for the applicable force, (3) the relationship between that need and the force used, (4) the threat to the safety of staff and inmates reasonably perceived by responsible officials, and (5) any efforts made to temper the severity of a forceful response. *See id.* at 7, 112 S.Ct. at 999. In reviewing these factors, a court should recognize that, in the context of force used to quell a prison disturbance, prison officials must often act " 'in haste, under pressure, and frequently without the luxury of a second chance.' " *Id.* at 6, 112 S.Ct. at 999 (quoting *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986)). Thus, " '[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " *Id.* (quoting *Whitley,* 475 U.S. at 321–22, 106 S.Ct. at 1085–86 (citation omitted)).

In considering whether an Eighth Amendment violation has occurred, courts examine both objective and subjective components of the above factors. *See Duamutef v. Fial,* 922 F.Supp. 807, 815

(W.D.N.Y.1996). The objective component of the alleged violation relates to the seriousness of the injury. *See Branham v. Meachum* 77 F.3d 626, 630 (2d Cir.1996) (citing *Hudson*, 503 U.S. at 1, 112 S.Ct. at 995–96). The subjective component relates to whether the defendants had a sufficiently culpable state of mind when they were engaging in the alleged misconduct. *See Hudson*, 503 U.S. at 8, 112 S.Ct. at 999–1000; *Wilson v. Seiter*, 501 U.S. 294, 300, 111 S.Ct. 2321, 2325, 115 L.Ed.2d 271 (1991) ("If pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify.").

▮ The plaintiff's allegations that he was beaten until he lost consciousness meet the objective component of this inquiry. *See Hudson*, 503 U.S. at 8, 112 S.Ct. at 999–1000 (objective component of excessive force allegation requires only that plaintiff establish he suffered more than *de minimis* pain or injury; and plaintiff's bruises, swelling, loosened teeth, and a cracked dental plate were more than *de minimis* injuries for Eighth Amendment purposes).

▮ The plaintiff's allegations also meet the test's subjective component. The plaintiff claims that the unnamed defendants brutally beat him in retaliation for the stabbing of the injured corrections officer, not in order to preserve order. The plaintiff asserts that he was handcuffed while he was beaten and that one of the officers essentially told him that he was being beaten in retaliation for assaulting correctional officers. Compl. at 2. The plaintiff alleges that one correctional officer screamed, "It's our go now, M——— F———," as the plaintiff was repeatedly kicked and beaten until he lost consciousness. If true, these facts establish malicious and sadistic intent.

While the plaintiff admits that the unnamed defendants were called onto the scene to respond to an inmate uprising, Compl. at 2; Pl.'s Second Aff. at 2, and that he was beaten because the unnamed defendants believed that he was assaulting, or had assaulted, a corrections officer, Pl.'s First Aff. at 1 (April 24, 1996) (stating that ERT officers "misinterpreted" plaintiff's efforts to help Sergeant McCulley as act of aggression); Compl. at 2 (ERT officer's remark while ordering plaintiff against wall indicates that officer mistook plaintiff for inmate who had stabbed Sergeant McCulley; additional comment by unnamed Lieutenant that plaintiff was "caught in a bad situation" further indicates that officers mistook plaintiff as aggressor), this case is more than one of mistaken identity. The Court therefore concludes that the plaintiff has alleged facts that, if true, could establish Eighth Amendment excessive force claims against the unnamed ERT officers.

▮ The defendants argue that there is no evidence that the assault on the plaintiff ever took place. They further assert that the complaint should be dismissed for violating Rule 8 of the Federal Rules of Civil Procedure because the complaint fails to identify or name the defendants who allegedly assaulted the plaintiff. *See* Fed.R.Civ.P. 8 (requiring a short and plain statement of the claim showing that the pleader is entitled to relief). The Court disagrees.

The plaintiff has had no discovery in this case. Therefore, it is not surprising that he would not know the names of the corrections officer who allegedly beat him. The plaintiff's complaint, however, is sufficiently detailed, and should not be found deficient simply because the plaintiff has not learned the names of his alleged assailants. If, after discovery, the plaintiff still has not provided the names of the defendant ERT officers or substantiated his claims, the Court may make a determination at that time whether the claims are frivolous, or whether judgment should be granted in favor of the defendants. The Court, however, will not dismiss the claims at this early stage of the litigation simply because the plaintiff has yet to provide evidence in support of his claims. Consequently, the Court will deny the defendants' Motion to Dismiss the excessive force claims against the unnamed ERT officers.

## V. THE COURT WILL APPOINT COUNSEL TO REPRESENT THE PLAINTIFF.

Because the plaintiff's excessive force claims against the unnamed ERT officers

still are viable, and because justice requires that counsel be appointed to represent the plaintiff in this cause, the Clerk shall designate counsel from the Civil Pro Bono Panel pursuant to Local Rule 702.1 to represent the plaintiff *pro bono publico.*

## CONCLUSION

For the foregoing reasons, the Court will grant the defendants' Motion to Dismiss as to all claims against the defendants District of Columbia Department of Corrections, Moore, and Plaut. The Court will deny the motion as to the plaintiff's excessive force claims against the unnamed ERT officers. The Court will issue an order of even date herewith consistent with the foregoing Memorandum Opinion.