**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MAURICE PITTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1382 (EGS) |
| | ) | |
| HARLEY LAPPIN *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Maurice Pittman filed this action pro se, suing the defendants in both their official and personal capacities for allegedly violating his Eighth Amendment and Equal Protection guarantees. Defendants have filed a motion to dismiss, advancing multiple bases for dismissing the complaint. Plaintiff has filed an opposition. For the reasons stated, the defendants' motion will be granted and this action will be dismissed.

**I. FACTUAL BACKGROUND**

Pittman is imprisoned in the United States Penitentiary in Atlanta, Georgia. The complaint alleges that while Pittman was working in the food service section of the prison, he was "instructed by food service foreman H. Butler to try to secure the chain on top of the trash compactor from the platform in food service." Compl. at 3. Unable to do so from where he stood, "Butler then instructed [Pittman] to climb on top of the trash compactor to secure the chain to the trash compactor lid. As the lid was secured [Pittman's] fingers were caught in the chain[']s links [and] as a result the tips of [his] 3rd and 4th fingers were severed []." *Id.* After

his administrative tort claim was denied, Pittman filed this action under 42 U.S.C. § 1983, suing Butler and several of Butler's superiors for alleged constitutional violations. Defendants have filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction, for lack of personal jurisdiction, for failure to state a claim upon which relief may be granted, and on other grounds.

## II. DISCUSSION

A. The Official Capacity Claims

The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). On a motion to dismiss for lack of subject matter jurisdiction, a court accepts as true all factual allegations in the complaint, but must also scrutinize them closely to satisfy itself that it has the power to hear the claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003). An official capacity suit against a federal official is one against the agency itself and, as such, one against the United States of America. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The United States enjoys sovereign immunity from suit except where it has expressly waived its immunity and consented to suit. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981). The United States has not waived its own or its agencies' immunity from a suit for damages for constitutional violations. *F.D.I.C. v. Mayer*, 510 U.S. 471, 486 (1994). Thus, this court has no subject matter jurisdiction over a such a suit. Because neither this court nor any other court has subject matter jurisdiction over the claims against the defendants sued here in their official capacities for constitutional violations, and the suit seeks damages from defendants who are

immune to such relief, the official capacity claims will be dismissed for lack of subject matter jurisdiction.

B. The Personal Capacity Claims

On a motion to dismiss for failure to state a claim upon which relief may be granted, a pro se complaint must be liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In determining whether a complaint fails to state a claim upon which relief may be granted, generally a court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). There are limits and exceptions, however. A court need not accept either a plaintiff's legal conclusions, or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint. *Kowal v. MCI Communications Corp.,* 16 F.3d at 1276. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8). It requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 555 n. 3.

In keeping with the obligation to liberally construe the pro se plaintiff's complaint, because all the defendants are federal agents, not state actors, the court construes the personal capacity claims as ones brought under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The complaint does not contain re factual allegations that would support a claim under the Equal Protection Clause of the constitution, and therefore, that claim will be dismissed for failure to state a claim upon which relief may be granted.

With respect to the Eighth Amendment claim, the complaint alleges only that Butler was present and gave instructions to the plaintiff at the time of the plaintiff's injury. Because none of the other defendants were alleged to be present, their liability must be premised on a theory of respondeat superior liability. A *Bivens* action, like an action brought under 42 U.S.C. § 1983, cannot be maintained on a respondeat superior theory of liability, but can be maintained only if the factual allegations show that the defendant was directly and personally involved in the alleged constitutional deprivation. *Cameron v. Thornburgh,* 983 F.2d 253, 258 (D.C. Cir. 1993) ("In the absence of any allegations specifying the involvement of [the defendants] in this case, the claims against them are based on nothing more than a theory of respondeat superior, which of course cannot be used in a Bivens action.") (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 691 (1978)). Thus, because all defendants except Butler were not present and there is no allegation of direct involvement in the events giving rise to this suit, the claims against the defendants in their personal capacities, except for the claim against Butler, will be dismissed for failure to state a claim upon which relief may be granted.

The Eighth Amendment claim against Butler in his personal capacity must be dismissed for other reasons. First, a violation of the Eighth Amendment premised on disregard for the personal health or safety of an inmate requires that the plaintiff show that the defendant was cognizant of the substantial risks involved and acted with deliberate indifference to the safety of the plaintiff. *Arnold v. Moore,* 980 F. Supp. 28, 34 (D.D.C. 1997). The complaint in this case, however, does not allege any facts to support its bald, conclusory allegation that "[t]he action of the defendants stated in the complaint were and are wilfully and intentionally done all in violation of the 8th amendment . . . ." The factual allegations in the complaint do not support an

inference that Butler acted with deliberate indifference to Pittman's safety when he instructed Pittman to assist in securing the lid of the trash compactor. Therefore, the complaint also fails to state an Eighth Amendment a claim upon which relief may be granted as to Butler. Second, because the plaintiff has been unable to provide the court with a current residential address for him, Butler has never been served with a summons and a copy of the complaint in this case; therefore, this court lacks personal jurisdiction over Butler, and the claims against Butler are due to be dismissed for that reason. Moreover, even if Butler had been properly served with process, there is no reason to think that this court would have personal jurisdiction over him, as there is no evidence that Butler resides, conducts business, or does anything else that would bring him into the personal jurisdiction of this court.[1]

C. Plaintiff's Request for Transfer

In his opposition to the motion to dismiss, Pittman asks that this case be transferred if the court determines it lacks subject matter jurisdiction. Pittman has confused venue with subject matter jurisdiction. Transfer will not cure the defects in this case, which are fatal. Accordingly, his request will be denied as futile.

---

[1] Even with liberal construction, the court does not read the complaint as one asserting a claim for personal injury except as it relates to the constitutional claims. Nonetheless, to the extent the complaint intended something else, it is worth noting that it appears that the exclusive remedy for a claim arising out of the events described in the complaint is through the Inmate Compensation Act, 28 U.S.C. § 1426(c)(4). *See United States v. Demko,* 385 U.S. 149, 152 (1966) (deciding that the Inmate Compensation Act is the exclusive remedy for workplace injuries suffered by federal prisoners). The Inmate Compensation Act does not permit the filing of such a claim until no more than 45 days prior to the date of an inmate's release. 28 C.F.R. § 301.303. The Bureau of Prisons inmate locator indicates that the plaintiff's projected release date is May 10, 2030. Thus, any appeal from denial of a claim under the Inmate Compensation Act is far from ripe.

## III. CONCLUSION

Because the official capacity claims seek damages from defendants that are immune from such a suit, and because the personal capacity claims fail to state a claim upon which relief may be granted, the complaint will be dismissed. A separate order accompanies this memorandum opinion.


|  | /s/ |
| --- | --- |
|  | EMMET G. SULLIVAN |
| Date: September 22, 2009 | United States District Judge |